Mohammad **HUSSAIN**, Petitioner,

v.

Eric H. **HOLDER**, Jr., United States Attorney General,\* Respondent.

No. 08–6295–ag.

United States Court of Appeals, Second Circuit.

Nov. 3, 2009.

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

---

Usman B. Ahmad, Long Island City, NY, for Petitioner.

Tony West, Assistant Attorney General, Civil Division; David V. Bernal, Assistant Director; Ali Manuchehry, Trial Attorney, United States Department of Justice, Civil Division, Office of Immigration Litigation, Washington, D.C., for Respondent.

PRESENT: WALKER, JOSEPH M. McLAUGHLIN and JOSÉ A. CABRANES, Circuit Judges.

### SUMMARY ORDER

Petitioner Mohammad Hussain, a native and citizen of Pakistan, seeks review of a December 1, 2008 order of the BIA denying his motion to reopen and affirming the November 8, 2007 decision of Immigration Judge ("IJ") Robert Weisel pretermitting his application for asylum and denying his application for withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Hussain,* No. A 095 382 454 (B.I.A. Dec. 1, 2008), *aff'g* No. A 095 382 454 (Immig. Ct. N.Y. City Nov. 8, 2007). We assume the parties' familiarity

with the underlying facts and procedural history in this case.

### I. BIA's Affirmance of the IJ's Decision

When the BIA issues an opinion that fully adopts the IJ's decision, this Court reviews the IJ's decision. *See Mei Chai Ye v. U.S. Dep't of Justice,* 489 F.3d 517, 523 (2d Cir.2007). We review the agency's factual findings, including adverse credibility findings, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey,* 519 F.3d 90, 95 (2d Cir.2008). We review *de novo* questions of law and the application of law to undisputed fact. *See Salimatou Bah v. Mukasey,* 529 F.3d 99, 110 (2d Cir.2008).

### A. Asylum: One–Year Bar to Jurisdiction

Title 8, Section 1158(a)(3) of the United States Code provides that no court shall have jurisdiction to review the agency's finding that an asylum application was untimely under 8 U.S.C. § 1158(a)(2)(B), or its finding of neither changed nor extraordinary circumstances excusing the untimeliness under 8 U.S.C. § 1158(a)(2)(D). Notwithstanding that provision, however, this Court retains jurisdiction to review constitutional claims and questions of law. *See* 8 U.S.C. § 1252(a)(2)(D). Because Hussain raises no such argument, we dismiss the petition for review to the extent he attempts to challenge the agency's dismissal of his asylum application as untimely. *See* 8 U.S.C. § 1158(a)(3).

### B. Withholding of Removal and CAT Relief

Substantial evidence supports the IJ's adverse credibility determination. As the IJ found, Hussain testified that he feared persecution in Pakistan because of the August and October 2006 attacks on his

brother. However, the statement he submitted in support of his motion for release on bond did not mention either of those attacks, and his April 2007 asylum application did not mention the October 2006 attack. Because Hussain's asylum application was governed by the amendments made to the INA by the REAL ID Act, the IJ was entitled to base his credibility determination on any discrepancy without regard to its centrality. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin v. Mukasey,* 534 F.3d 162, 167 (2d Cir.2008). In any event, these discrepancies were material to Hussain's claim in that they concerned the very basis of his purported fear of returning to Pakistan. Moreover, no reasonable factfinder would have been compelled to credit Hussain's explanations. *See Majidi v. Gonzales,* 430 F.3d 77, 80–81 (2d Cir.2005).

Therefore, the IJ properly denied Hussain's application for withholding of removal and CAT relief because the only evidence that he would be persecuted or tortured depended on his credibility. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006); *Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 523 (2d Cir.2005).

## II. Motion to Reopen

We review the BIA's denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales,* 448 F.3d 515, 517 (2d Cir.2006). Here, the BIA did not abuse its discretion in denying Hussain's motion to reopen. Hussain alleges that he was denied due process because the IJ displayed a bias against him and because the record reveals translation errors. However, as the BIA found, the IJ took considerable pains to ensure that Hussain understood the questions posed to him. Having reviewed the record, we find that Hussain was provided a full and fair opportunity to present his claims. *See Burger v. Gonzales,* 498 F.3d 131, 134 (2d Cir.2007); *cf. Ali v. Mukasey,* 529 F.3d 478, 493 (2d Cir.2008). We

decline to consider Hussain's arguments regarding alleged translation errors because they were not presented to the BIA and hence are unexhausted. *See Lin Zhong v. U.S. Dep't of Justice,* 480 F.3d 104, 119–20 (2d Cir.2007).

For the foregoing reasons, the petition for review is DISMISSED, in part, and DENIED, in part. As we have completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).